# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MIDWEST HEALTH GROUP, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No. 1:20-CV-853-LY |
| | § | |
| **eMDs, INC.,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion to Remand, filed September 14, 2020 (Dkt. 12), and Defendant's Response to Plaintiff's Motion to Remand, filed September 21, 2020 (Dkt. 15). Plaintiff did not file a reply brief. On September 22, 2020, the District Court referred the motion and response to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

Plaintiff Midwest Health Group, LLC ("Plaintiff"), a Missouri limited liability company, provides family medicine healthcare services to patients in Farmington, Missouri. Defendant eMDs, Inc. ("Defendant"), a Texas corporation, provides electronic health record ("EHR") and revenue cycle management ("RCM") services to healthcare providers. In 2010, Plaintiff entered into a contract with Defendant in which Plaintiff agreed to pay Defendant to provide EHR services. In 2018, Plaintiff entered into another contract with Defendant in which it agreed to pay Defendant for RCM services. Plaintiff alleges that Defendant failed to comply with its contractual obligations to supply it with adequate RCM services, and in March 2019, it rescinded the RCM contract.

On August 10, 2020, Plaintiff filed this lawsuit against Defendant in the 345th Judicial District Court in Travis County, Texas, alleging breach of contract, rescission, voidness, fraud, negligent misrepresentation, and Texas Deceptive Trade Practices Act violations. *See Midwest Health Grp. v. eMDs*, No. D-1-GN-20-004097 (345th Dist. Ct., Travis County, Tex. Aug. 10, 2020). On August 14, 2020, before Plaintiff served Defendant, Defendant removed the case to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. 1.

## II.    Analysis

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil case brought in state court to the federal district court in which the case could have been brought if the district court would have original jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

A case may be removed under § 1332 if there is "complete diversity" of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs. *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). In addition to these jurisdictional requirements, there is a procedural limitation[1] on removal in diversity cases, known as the "forum-defendant rule." The rule provides that:

---

[1] The Fifth Circuit has recognized that the forum-defendant rule is procedural and does not affect the court's subject matter jurisdiction. *See In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009).

> [a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added).

Plaintiff does not dispute that there is complete diversity and that the amount in controversy is in excess of $75,000. Plaintiff also does not dispute that Defendant had not been properly served at the time Defendant's filed its notice of removal, four days after the case was filed. Nevertheless, Plaintiff argues that Defendant's removal was an improper "snap removal" barred by § 1441(b)(2). Dkt. 12 at 6. In response, Defendant argues that the forum-defendant rule is inapplicable because it had not been served when it filed its notice of removal, and therefore, "by its plain language Section 1441(b)(2)'s exception does not apply to this case." Dkt. 15 at 3.[2]

Many courts, including the Fifth Circuit, have held that the forum-defendant rule does not preclude removal if the forum defendant has not yet been served, based on the unambiguous "properly joined and served" language in § 1441(b)(2). As the Second Circuit reasoned:

> The statute plainly provides that an action may not be removed to federal court on the basis of diversity of citizenship once a home-state defendant has been "*properly* joined and served." 28 U.S.C. § 1441(b)(2). By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action.

*Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019); *accord Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001).

---

[2] Plaintiff did not file a reply brief to refute Defendant's arguments. *See Dixie Elec., LLC v. Jarwin*, No. MO:17-CV-00066-RAJ, 2017 WL 8727481, at *3 (W.D. Tex. June 20, 2017) (finding that movant failed to meet his burden of showing that forum selection clause was unenforceable when he did not file a reply brief addressing non-movant's arguments).

In *Tex. Brine Co. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020), the Fifth Circuit addressed the issue of snap removals for the first time, and joined the Second, Third, and Sixth Circuits in holding that § 1441(b)(2) allows for snap removals. *Id.* at 485. Specifically, the Fifth Circuit held that: "A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." *Id.* at 487. The court found that the plain language of § 1441(b)(2) was unambiguous and applied only to defendants who had been "properly joined and served." *Id.* at 486. Thus, the court adopted the Second Circuit's reasoning: "By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law." *Id.* (quoting *Gibbons*, 919 F.3d at 705). The court also found that permitting snap removals was not an "absurd" result and did not defeat Congress's intent. *Id.* at 486-87. Accordingly, the court held that the defendant's snap removal was permitted and did not violate Section 1441(b)(2). *Id.* at 487.

Numerous district courts in this circuit have applied *Brine* to find that § 1441(b)(2) does not preclude snap removals by in-state defendants before they have been properly served. *See Mirman Grp., LLC v. Michaels Stores Procurement Co.*, No. 3:20-CV-1804-D, 2020 WL 5645217, at *1 (N.D. Tex. Sept. 22, 2020); *Baker v. Bell Textron, Inc.*, No. 3:20-CV-292-X, 2020 WL 5513431, at *7 (N.D. Tex. Sept. 14, 2020); *Latex Constr. Co. v. Nexus Gas Transmission, LLC*, No. CV 4:20-1788, 2020 WL 3962247, at *6 (S.D. Tex. July 13, 2020).

Based on the foregoing, Defendant's removal was not barred by the forum-defendant rule because Defendant had not been "properly joined and served" at the time of removal. The District Court clearly had subject matter jurisdiction over this suit at the time of removal because there was complete diversity of citizenship and the amount in controversy was greater than $75,000 exclusive of interests and costs. Accordingly, Plaintiff's Motion to Remand should be denied.

### III.  Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Plaintiffs' Motion to Remand (Dkt. 12).

It is **FURTHER ORDERED** that this case be **REMOVED** from the Magistrate Court's docket and **RETURNED** to the docket of the Honorable Lee Yeakel.

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 10, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE